## CAMPBELL, ESTATE OF, In re.

### HARNING, Appellant v. CROMES et, Appellees

Ohio Appeals, Second District, Shelby County.

No. 127. Decided January 23, 1943.

514

C. H. Roman, Sidney, H. E. Beery, Sidney, for appellant, Sadie Campbell Harning.

H. K. Forsyth, Sidney, J. E. Russell, Sidney, for appellee. Marie Campbell Cromes.

Urban H. Doorley, Sidney, Rodney R. Blake, Sidney, for appellee, Rodney R. Blake, as administrator of the estate of Mary L. Campbell, deceased.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing an appeal of Sadie Campbell Harning from a judgment of the Probate Court refusing to name said appellant administratrix of the estate of Mary L. Campbell, deceased, upon her application.

The basis of the judgment of dismissal of the Common Pleas Court was that said court had no jurisdiction of the subject matter involved or to consider and hear the appeal. The error assigned is that the Common Pleas Court erred in holding that it had no jurisdiction to entertain the appeal in the Probate Court and it is contended that by virtue of §10501-56 GC the court should have entertained the appeal and tried the case de novo.

The facts upon which the controversy arises are that in March, 1942, Mary L. Campbell, a resident of Shelby county, died. On July 16, 1942, Sadie Campbell Harning made application in due

form to the Probate Court to be appointed administratrix of the estate of decedent. The application which was sworn to, set out the name of the applicant, a resident of Sidney, Ohio, a daughter of decedent, and Marie Campbell Cromes, a resident of Sidney, another daughter of decedent. These were the only names listed as next of kin. The applicant listed the probable value of the personal property and real estate and tendered a bond, if named as such administratrix, with good and sufficient surety. Thereafter. citation was issued to Marie Campbell Cromes, giving her notice of the filing of application for administration upon the estate of decedent, fixing the time for hearing upon the application. As a part of the notification it was stated: "Failure to enter any objection to said application will result in the making of said appointment. In case of objection to said appointment, the court will endeavor to make an appointment suitable to the next of kin if the same be found possible. If not, the court will appoint some suitable person outside the relationship."

A journal entry was spread upon the record of date, July 22, 1942, which, so far as is germane, recites that the cause came on to be heard on the application of Sadie Campbell Harning for the appointment of administratrix of the estate of Mary L. Campbell, deceased, * * * , "and the court being fully advised in the premises finds from the evidence adduced that the applicant, Sadie Campbell Harning, and Marie Campbell Cromes, both of Shelby county. Ohio, are the daughters and only next of kin of Mary L. Campbell, deceased.

The court further finds that the said next of kin are hostile to each other and that there is an animosity existing between them, by reason whereof the court, upon due consideration, is satisfied that it would not be for the welfare of the estate that either of said next of kin be so appointed and that both are unsuitable, therefore, for the discharge of said trust, and that the right to priority said next of kin would have in such appointment is lost, and the court coming on further to consider said matters and being satisfied that an administrator should be appointed, does hereby commit the administration to Rodney R. Blake, a suitable person and a resident of this county, wherefore, applicant's request for the appointment of administratrix is denied for reasons above set out and it is ordered that Rodney R. Blake, * * * be and he is hereby appointed as such administrator, * * * "

No bill of exceptions was authenticated by the trial judge. No agreed statement of facts was tendered.

Upon consideration of the cause in the Common Pleas Court appellees moved to dismiss the appeal on three grounds:

1. This court does not have jurisdiction to consider or hear said appeal.

2. Proceedings in this case do not show that no record was taken in the hearing of this case in the Probate Court of Shelby

county, Ohio, so that a bill of exceptions or complete record might be prepared.

3. The order of the Probate Court from which an appeal is attempted to be taken is not such an order as may be appealed to this court and said Sadie Campell Harning is not a person who may properly appeal from said order.

In dismissing the appeal the Common Pleas Judge prepared a written opinion which is before us. In discussing the case the court adverted to the fact that counsel for appellant had stated in open court that at the hearing upon application of the appellant to be appointed administratrix of the estate of decedent, no person appeared and testified as a witness in the proceeding and no testimony was taken in the Probate Court in support of or opposing said application or any of the material facts alleged therein, or as to the qualifications of the appellant, Sadie Campbell Harning, or the appellee, Marie Campbell Cromes, the only heirs and next of kin of said decedent, to account and qualify as administratrix of said estate.

The second branch of the motion to dismiss the appeal was that the record failed to disclose that no record was taken at the hearing of the case in the Probate Court, so that it did not affirmatively appear that a bill of exceptions or complete record might not have been produced. On the present appeal to this court counsel have stipulated that "No evidence was taken in the Probate Court or in the Common Pleas Court and that no transcript of evidence could therefore be filed in this court so as to prepare a bill of exceptions other than transcript of the docket and journal entries of the cause and the original papers filed in the Probate Court."

The Common Pleas Judge indicated that in probability §10501-56 GC was unconstitutional and cited State ex Ellis et v. McCabe et, No. 3766, Court of Appeals, Lucas county, Ohio. The court further concluded that the order of the Probate Court was a final order, if the case comes within the provisions of §10501-56 GC, could be reviewed in the Common Pleas Court and that the appellate procedure outlined in §12223-4 GC had been observed. Finally the judge held that the uncontroverted facts alleged and set forth in appellant's application and the original papers and journal entry filed in the proceedings in the Probate Court constituted a complete record and as such was made in the Probate Court, the provisions of §10501-56 GC, for trial de novo in the Common Pleas Court had no application and, therefore, the court had no jurisdiction to entertain the appeal.

Because of the procedural ramifications which this case has taken in the courts, it is first necessary to orient ourselves. The substantial question urged in the briefs is whether or not §10501-56 GC, is constitutional. It may be that counsel have attempted to set aside other matters of less consequence and give this court a clear field to determine this question which they desire to be decided.

However, as we view this record, a determination of the question of the constitutionality of the statute is not required upon the record before us and a decision thereon would be no more than obiter. In passing, we observe that we have high regard for the opinion of Judge Overmyer, concurred in by his associates in **State ex Ellis et v. McCabe et,** No. 3766 (unreported) Lucas County Court of Appeals, wherein it is held that §10501-56 GC is unconstitutional. Nor does the reversal of the judgment in this case by the Supreme Court in **Ellis et v. McCabe et, 138 Oh St 417,** detract from the soundness of the opinion as a legal exposition, although, of course, its effect is emasculated by the action of the Supreme Court which held that the Appellate Court had no jurisdiction to pronounce its judgment.

There are two hypotheses upon which the Common Pleas Court could have taken jurisdiction of the appeal. First, that the section granting the right to an appeal de novo, §10501-56 GC, is constitutional. And, second, that it affirmatively appears that the appellant comes within the terms of the statute, namely, that for some reason a record had not been taken at the hearing of the matter before the Probate Court so that a bill of exceptions or complete record may not have been prepared.

If appellant fails to come within the second proposition before stated, then the judgment of the Common Pleas Court must be affirmed.

The entry in the Probate Court is conclusive and binding upon the parties as to the recitals therein, one of which is that "The court being fully advised in the premises, finds, **from the evidence adduced,** etc." This entry imports verity and is the record of the Probate Court, setting forth what was done and the basis upon which the judgment was entered. Counsel may not and certainly could not in any proper form change this record in the presentation of the appeal to the Common Pleas Court. True, we learn from the opinion of the Common Pleas Judge that certain agreed statements were made by counsel for the parties in the oral presentation on the appeal that no testimony was taken in the Probate Court on the application for appointment of administratrix.

In this court counsel stipulate to like effect but there is no place in this appeal which is on questions of law only for any stipulation which was not properly before the Common Pleas Judge on the appeal to that court.

It follows that there is no showing by the appellant in the appeal to the Common Pleas Court that a record was not made in the hearing in the Probate Court or that all of the evidence there adduced was before the Common Pleas Court, because of the entry in the Probate Court to the effect that the judgment was entered upon the evidence.

We recognize that because of subsequent developments, the fact is that no testimony was taken in the Probate Court but the principle that a court speaks through its journal must be preserved and is more vital to the law than the determination of any case upon the basis of the factual situation in conflict with the court's journal.

The time and place to correct the journal entry is in the trial court and counsel must at the peril of their client be assured that the journal entry speaks the truth concerning the action of the trial judge.

In this case it was essential to the right of the applicant to hear the appeal under §10501-56 GC, that the record be made to disclose affirmatively the true situation, namely, that the court decided the case only upon the application for appointment of administratrix. If the applicant desired to offer testimony and was refused, or if the court would not permit the entry to state the facts as they existed, then the only course open to counsel was to mandamus the court to act in accordance with the fact. Of course, this procedure may have been undesirable but it does change the situation. No court should take umbrage at counsel for availing his client of any proper legal steps necessary to protect the client's interest.

The principle which we have been discussing is as well defined as any in the law. 2 O. Jur., 435, 436, 437, and many cases there cited. One of the latest pronouncements of our Supreme Court on the proposition is found in the first syllabus of The Pure Oil Company v. Kindall, 116 Oh St 188:

"In a civil action where a determination of an issue of fact between the parties is essential to the conclusion reached and judgment rendered by the trial court and there is no bill of exceptions or finding of fact before the reviewing court wherein said judgment is sought to be reversed, a presumption arises that such lower court had sufficient evidence before it to sustain said judgment."

The section §10501-56 GC, provides:

"If, for any reason, a record has not been taken at the hearing of any matter before the Probate Court so that a bill of exceptions or a complete record may be prepared as provided by law in courts of common pleas, then an appeal on questions of law and fact may be taken to the court of common pleas by a person against whom it is made, or whom it affects from any order, decision, or judgment of the Probate Court in the manner provided by law for the prosecution of such appeal from the court of common pleas to the court of appeals."

The word "record" as used in the section includes all of the testimony and evidence which was before the Probate Court at the

hearing of the matter contemplated by the statute. The term "record" implies more than the pleadings, other papers, and transcript of docket and journal entries which may be said to comprise the record for the purpose of an appeal on questions of law and fact, 2 O. Jur. 393. In the statute, the term "record" is employed as we understand it in appeals on questions of law and means a complete record, either by a bill of exceptions or by any other manner provided under the code.

In this case, if the Probate Court had sufficient evidence before it to sustain the final order entered, it must have had more than appears in the record. If the court did not have more, there was insufficient proof to support the order. This insufficiency of record would have been affirmatively disclosed if the journal entry had recited that which appears to be the fact, namely, that the only evidence before the court was the application for the appointment of the administratrix. If the entry had been so worded as to set forth the fact, then we would clearly have before us the question whether for any reason a record had not been taken in the Probate Court.

Does the statute §10501-56 GC, imply that if one witness only was sworn and testified and record made in the Probate Court when others might have been produced but were not, that a "record has. not been taken?" We think not.

The statute is to be held to be constitutional "if for any reason a record has not been taken" must be construed if for any good or bona fide reason a record has not been taken.

There is a record and it may or may not be all that was before the court as evidence, but it certainly does not appear in the light of the journal entry that a record has not been taken.

We make some observations as to the rights of appellant on her application for appointment as administratrix of the estate of her mother, the decedent.

Under §§10509-3 and 10509-4 GC, the applicant being one of the next of kin of deceased, resident of the county, and having made application for appointment as administratrix as provided by law, was entitled to be so appointed unless incompetent, or unsuitable for the discharge of the trust. Inasmuch as the Probate Court predicated the refusal to appoint upon the finding of incompetency, it must be assumed that this alone was the ground for the refusal. If unsuitability was involved, the recent case of **Fisher, Exrx. v. Houlscott,** Court of Appeals, Hamilton county, unreported, motion to certify filed in the Supreme Court, December 17, 1942, No. 29390, and overruled in O. L. R., January 1943, page 8, would have application.

The language of the section is such that a presumption of competency must be indulged unless and until it appears that the applicant for appointment as administrator is incompetent **Addams v. Hosford, Ohio P. P. & P., p. 690.** The only paper among the files which can be said to have any probative effect whatever is the application for appointment as administratrix. This is tendered in

the form of an affidavit. Upon the stipulation in this court, no testimony or evidence whatever, other than that to which we have just alluded, was before the Probate Court when it determined the applicant to be incompetent to act as administratrix. The entry recites the finding that applicant is incompetent, that the next of kin are hostile to each other and there is animosity existing between them. Obviously, some form of evidence, demonstrative or otherwise, must have operated upon the mind and judgment of the Probate Court to cause him to carry the aforesaid language into the journal entry. If such evidence was susceptible of record or perpetuation, then the applicant had the right to have it reduced to writing and its probative effect determined not only in the Probate Court but, if necessary, in the reviewing court. If such evidence was not before the court and no record made of it, the entry should disclose it.

The sister of the applicant made no application for appointment in her own right and interposed no objection to the appointment of the applicant in any tangible form. It thus became a factual question whether or not the applicant was competent to act as the fiduciary for her mother's estate, which like any other issue could only be established by some form of proof known to the law. We fail to find anything in this record which would support the conclusion that the applicant was incompetent. If is properly appeared that no evidence other than the application for appointment was before the Probate Court and the Common Pleas Court had jurisdiction to entertain the appeal, we would be required to hold that it was an inadequate record and entirely insufficient to support the order there made.

For the reasons heretofore stated, the judgment of the Common Pleas Court will be affirmed.

GEIGER, P. J., and BARNES, J., concur.