**BICKNELL, Estate of, In re.**

Ohio Appeals, Third District, Hancock County.

No. 571. Decided March 19, 1956.

360

Schuck & Schuck, Findlay, Squire, Sanders & Dempsey, Cleveland, for appellant.

Ralph D. Cole, Jr., Findlay, Morley, Stickle, Keeley & Murphy, Cleveland, for appellees.

## OPINION

By QUATMAN, PJ.

Appellant, The Bank of New York, filed this appeal from an order of the Common Pleas Court of Hancock County, Ohio, dismissing an earlier appeal in this same matter from the Probate Court of Hancock County, Ohio, for want of jurisdiction.

The facts and the law of the case were ably argued and are also clearly set out in the briefs. While there quite naturally is a difference in opinion as to the law, the parties are not at variance with regard to the facts.

It appears that the decedent, Helen Bicknell, died testate on May 29, 1955, leaving an estate of some three million dollars. The bulk of the estate was devised to the appellant, the Bank of New York, in trust, primarily for the benefit of the Hospital for Special Surgery, New York, N. Y.

The will was admitted to probate in the Probate Court of Hancock County, Ohio, on June 21, 1955. Thereafter, as shown by the record of that court, on September 16th an application was filed on behalf of the Bank of New York to be appointed trustee. The application sets forth that the bank was not at present qualified to do a trust business within the State of Ohio, but that it was prepared to meet all the requirements of this state in order to qualify and intended doing so at an early date. On that same date, an application was filed on behalf of The Cleveland Trust Company and Thomas A. Orndorff, appellees, to be appointed co-trustees.

The former was appointed executor of the will and the latter is a practicing attorney in Findlay, Ohio. The only other matter contained in the docket with regard to the appointment of a trustee was an instrument filed by The Cleveland Trust Company on August 11, 1955, requesting that a trustee be appointed at an early date, and setting forth certain urgencies.

On the same date as the two applications, to-wit, September .16, a journal entry was signed and entered on the docket denying the application of the Bank of New York to be appointed testamentary trustee for the reason that:

"The court finds, however, that the Bank of New York is not a resident of the State of Ohio and, solely on the ground of such non-residency, finds that the administration of said Trust Estate would be better served by the appointment of a trustee resident of the State of Ohio."

The same journal entry finds The Cleveland Trust Company and Thomas A. Orndorff to be suitable persons to be appointed testamentary co-trustees and does so appoint them.

There is nothing in the record of these proceedings to indicate that any testimony was heard by the court with regard to the two applications.

While it does not appear on the transcript of the docket, there is contained within the file two notices signed by the court and dated August 11, 1955, addressed to the interested parties advising that the application of the Cleveland Trust Company urging an early appointment of a trustee would be for hearing on August 22, 1955. The record is silent as to the results of this hearing, or even if a hearing was had.

It was from the order of the probate court denying the application of the Bank of New York that an appeal was taken to the common pleas court. The appellees, The Cleveland Trust Company and Thomas A. Orndorff, filed a motion in the common pleas court to dismiss the appeal for the reason that the said court was without jurisdiction. At a hearing had before the common pleas court on November 5, 1955, the motion of the appellees was sustained and the appeal dismissed. The appellant, the Bank of New York, thereupon brings its appeal to this court, and sets forth the following assignments of error:

1. The trial court erred as a matter of law, on the evidence before him, in granting the motion of The Cleveland Trust Company and Thomas A. Orndorff to dismiss the appeal of the Bank of New York.

2. The court of common pleas erred in refusing to consider the proffered testimony disclosing that evidence had actually been before the probate court on the application of the Bank of New York

It is quite apparent that this court is not concerned with whether or not the probate court operated within its discretion or authority in denying the application of the Bank of New York to be appointed testamentary trustee. The only question for this court to decide is whether or not the common pleas court can accept an appeal on questions of law and fact from the probate court where the order appealed from was one denying an application to be appointed testamentary trustee. An answer to this question must necessarily proceed from an examination of the facts and the law having regard to appeals from a probate court to the common pleas court.

Sec. 2101.42 R. C., governs appeals from the probate court and provides for an appeal from that court to the common pleas court in certain instances, to-wit:

"* * * If a record has not been taken at the hearing of any matter before the probate court so that a bill of exceptions may be prepared

as provided by §§2321.02 to 2321.16, inclusive, **R. C.**, then an appeal on questions of law and fact may be taken to the court of common pleas from any order, decision, or judgment of the probate court, by a person against whom it is made or whom it affects, in the manner provided for the prosecution of such appeal from the court of common pleas to the court of appeals. The court of common pleas shall advance said matter for hearing."

In examining this same section as formerly contained in §10501-56 GC, it will be observed that the words "If for any reason a record has not been taken," etc., have been deleted in the revised edition. This is mentioned for the reason that the wording "for any reason" seemed to impress the court in the case of **Estate of Campbell (1943), 39 Abs 513,** Second District. The factual situation in that case is similar to that in the instant case. The appellate court upheld the judgment of the common pleas court in dismissing the appeal. However, it is difficult to determine the exact reason. The opinion appears to dismiss the fact counsel for both appellant and appellee stipulate in the common pleas court and the court of appeals that no testimony was taken or offered in the probate court as unimportant.

Appellant in the instant case asserts the rule of that case as being that an appeal on law and fact to the common pleas court lies where no evidence was offered in the probate court.

It is our opinion that the case is authority for the proposition, whether right or wrong, that where the journal entry of the probate court recites that the judgment of the court was based upon "the evidence adduced" the entry may not be impeached by stipulations of counsel that no evidence was before the court other than the application nor may it be asserted that no record was taken. The court states that the entry should have been corrected either by motion or mandamus so as to reflect the true facts, before appeal would lie to the common pleas court.

In considering §2101.42 **R. C.**, as contained in former §10501-56 GC (supra), the court in the case of **In re Estate of Schneider, 81 Oh Ap 233,** at **page 237** stated:

"There is nothing ambiguous about the provision. All that is necessary in construing the section is to give to the words used by the Legislature their plain and ordinary meaning. The language of the statute is plain and simple. We see no reason for any strained or tortuous interpretation and no reason to read into the statute words that are not there."

Again, in the case of **In re Estate of Bates, 142 Oh St 622,** at **page 627,** Matthias, J., had the following to say:

"Sec. 10501-56 GC, provides in very plain and simple language that when no record is made in the probate court 'an appeal on questions of law and fact may be taken to the Court of Common Pleas by a person against whom it is made, or whom it affects.' "

The Schneider case, supra, involved the question of the jurisdiction of the common pleas court on an appeal on law and fact from an order of the probate court denying an application of appellant to be appointed administrator. The entry in that case reads as follows:

"November 20, 1944. To court: On this 20th day of November, 1944, this case came on to be heard on the application of Frank P. Schneider to be appointed administrator de bonis non of the estate of Anna Schneider, deceased, late of the city of Cleveland in this county. Whereupon, the court having considered the said application and being fully advised in the premises, orders that the application of the said Frank P. Schneider be and it is hereby refused." (Page 235.)

The entry differs from that in the instant case in that the latter states that the judgment of the court is based "solely on the ground" that the Bank of New York is a non-resident of Ohio.

While the opinion in the Schneider case (supra) does not affirmatively set forth that evidence or testimony was heard by the court and upon which the judgment was based, the entry, as well as the opinion, imply that testimony and evidence was taken. The implication arises from the contention of the appellee in that case, that under former §10501-56 GC, an appeal lies to the common pleas court only where a bill of exceptions cannot be prepared, or, secondly, if a complete record cannot be prepared. An analysis of that proposition can only conclude that there was testimony or other evidence before the probate court upon which a bill of exceptions could be prepared, ergo, no appeal will lie to the common pleas court.

This reasoning is further strengthened by the statement of the court, and upon which it based its decision that an appeal did lie. On page 238, the court states that:

"It is the fact that a record was not taken which gives right to the person aggrieved, rather than what could have been done. Therefore, §10501-56 GC, does not require a party to prepare a narrative bill of exceptions, as contended by the appellees."

Stress is laid upon this point by this court in order that the law of that case (Schneider, supra), may not be extended to favor factual situations not contemplated by it. It is our opinion that the finding of the court in the Schneider case (supra) would have been different had it been affirmatively shown, as in the instant case, that no evidence was presented or testimony introduced in the probate court.

The entry of the court, as well as the testimony of the Probate Judge, as contained in the bill of exceptions before this court, clearly shows that no evidence or testimony was introduced or attempted to be introduced before the court on September 16th with regard to this matter.

It is recognized in the Schneider case (supra), that the reason for the enactment of §2101.42 R. C. (formerly §10501-56 GC) (supra), is that hearings before the probate court are frequently of an informal nature and less formal than those of common pleas or higher courts. Proceedings and hearings in the probate court are far more multitudinous than those of other courts of record, necessitated by the great variety of matters that arise in the administration of trusts, guardianships, estates, and other matters of like nature of which that court has original jurisdiction. Hearings normally are of short duration and most often no record is taken, not only in the interest of expediting the hearing, but also to conserve cost. Recognizing that situations might arise wherein an aggrieved

364

party might lose his appeal by reason of no record being taken and no bill of exceptions could be had, the legislature enacted §2101.42 R. C. (§10501-56 GC), to provide for a rehearing of the matter by trial de novo in the common pleas court where a record of the evidence and testimony would be taken and available for appeal to a higher court.

It is the opinion of this court that §2101.42 R. C., does not nor was it intended to permit appeals from the probate court to the common pleas court where the judgment was rendered upon averments contained in the pleadings and no evidence of any nature was presented or even attempted to be presented to the court. See **Steward v. Belt, 152 Oh St 399.**

We find no merit in appellant's second assignment of error for the reason that it is apparent from the record that the application of appellant was not filed until September 16th and would therefore be highly irregular and improper, if not prejudicial, for the court to have considered in the rendering of its judgment, alleged evidence or testimony submitted at a prior date and at a time when other interested parties had no opportunity to rebut, object to or cross-examine. The judgment of the common pleas court is affirmed.

MIDDLETON and YOUNGER, JJ, concur.